**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOHNNY WATSON,
<u>Plaintiff-Appellant,</u>

v.

H. R. POWELL, Warden; W. S.
COPELAND, Assistant Warden of
Programs; T. M. ARTIS, Corrections
Lieutenant/Institutional Investigator;
A. B. SPEIGHT, JR., Corrections                    No. 98-6542
Lieutenant; O. L. TURNER,
Correctional Officer,
<u>Defendants-Appellees,</u>

and

DEERFIELD CORRECTIONAL CENTER;
RONALD W. ANGELONE,
<u>Defendants.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
David G. Lowe, Magistrate Judge.
(CA-96-478-3)

Submitted: December 15, 1998

Decided: February 12, 1999

Before ERVIN, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Johnny Watson, Appellant Pro Se. Pamela Anne Sargent, Assistant Attorney General, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnny Watson appeals the district court's grant of summary judgment as to Defendants Powell and Copeland regarding several of his claims in his 42 U.S.C.A. § 1983 (West Supp. 1998) action, and the magistrate judge's final judgment in favor of all Defendants as to his remaining claims.* Finding no error we affirm.

We have reviewed the record and the district court's order and opinion granting summary judgment as to Defendants Powell and Copeland in several of Watson's claims and find no reversible error. Accordingly, we affirm that determination on the reasoning of the district court. See Watson v. Powell, No. CA-96-478-3 (E.D. Va. Mar. 25, 1998).

Turning to the magistrate judge's entry of final judgment following a bench trial, the record reflects that the Defendants' motion for summary judgment as to Watson's remaining claims was denied due to conflicting versions of events. Put simply, if Watson's versions of events was accurate, the district court believed that he could state a claim. If, however, the Defendants' version of events was accurate, Watson failed to state a claim. Thus, the bench trial before the magistrate judge revolved entirely around issues of credibility. Because wit-

_____

*The parties consented to the jurisdiction of the magistrate judge under 28 U.S.C. § 636(c) (1994).

2

ness credibility is not reviewable on appeal, and because the facts as alleged by the Defendants clearly evidence no constitutional violations, we affirm the magistrate judge's final entry of judgment in favor of the Defendants. See McCrary v. Runyon , 515 F.2d 1082, 1086 (4th Cir.) ("We may not reverse a trier of fact, who had the advantage of hearing the testimony, on a question of credibility."), cert. granted, 423 U.S. 945 (1975), aff'd , 427 U.S. 160 (1976). We also deny all pending motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3